SHOSHONE–BANNOCK TRIBES OF THE FORT HALL RESERVATION, Plaintiff,

v.

Donna E. SHALALA, Secretary of the United States Health and Human Services; Michael H. Turjillo, Director of the Indian Health Service, United States Department of Health and Human Services, Douglas Black, Director of Office of Tribal Activities, Indian Health Service; James R. Floyd, Portland Area Director, Indian Health Service, United States Department of Health and Human Services, Defendants.

No. CV–96–459–ST.

United States District Court, D. Oregon.

Feb. 18, 1998.

Lori Irish Bauman, Ater Wynne Hewitt Dodson & Skerritt, Portland, OR, Lloyd Benton Miller, James E. Glaze, Sonosky Chambers Sachse Miller & Munson PC, Anchorage, AK, for Plaintiff.

Kristine Olson, U.S. Attorney's Office, Portland, OR, Daniel Bensing, U.S. Dept. of Justice, Civil Div., Washington, DC, Sheila M. Lieber, U.S. Dept. of Justice, Civil Div.–Fed. Prog. Branch, Washington, DC, for Defendants.

## OPINION

STEWART, United States Magistrate Judge.

Plaintiff moves for reconsideration or clarification of the portion of this Court's Order dated December 12, 1997, which denied plaintiffs summary judgment motion as to defendants' liability on the Ninth and Tenth Claims. For the reasons set forth below, that motion is granted.

The Ninth and Tenth claims allege that defendants unlawfully failed to pay plaintiff its contract Support costs ("CSC") in fiscal year 1996 ("FY 1996") and thereafter. Pursuant to an internal agency guideline, the ISDM 92–2, the Secretary limited funding for new and expanded CSC to the amount of money in the ISD fund and established a priority list when the CSC requests exceeded that amount. This court previously concluded that the Secretary's funding of CSC for FY 1996 was not restricted by the recommendation of Congress to allocate $7.5 million to the ISD fund, explaining:

> Although the Secretary need not take funds from on-going programs or services to funds CSC, she is certainly required to fund CSC with available appropriated funds before undertaking new discretionary projects or initiatives or permitting funds to lapse to the Treasury.

*Shoshone–Bannock Tribes of the Fort Hall Reservation v. Shalala, et al,* 988 F.Supp. 1306, 1997 WL 797168, *29 (D.Or., Dec.12, 1997).

Accordingly, defendants violated the ISDEA by relying on the ISDM 92–2 to deny CSC funding to plaintiff in FY 1996 and were not entitled to summary judgment in their favor on the Ninth and Tenth Claims. However, this court declined to enter summary judgment in plaintiffs favor on these claims because the record was devoid of evidence "as to how available funds for FY 1996 were used or whether IHS could have paid the CSC for FY 1996 without in any way restricting her other discretionary funding initiatives." *Id.*

Plaintiff argues that defendants already have had two opportunities to clearly demonstrate that funding was unavailable—once during the declination process and again in opposing summary judgment—and should not be allowed yet a third bite at the apple. Plaintiff correctly notes that defendants chose not to defend the CSC funding decision by providing budget documents or sworn affidavits establishing that no funds were available to fund CSC in FY 1996, but instead relied primarily on the legal argument that the Secretary's discretion to pay CSC was not subject to judicial review. Given defen-

dants' high burden of proof, plaintiff contends that defendants should have submitted some factual evidence to the court on summary judgment and not held back such evidence for a hearing in the event they lost the legal issue. In fact, defendants admit that two months before trial, they have not yet even made a determination as to what evidence, if any, they will present on the CSC claims.

Upon reconsideration, this court agrees with plaintiff. By denying plaintiff's summary judgment motion, this court adopted the "cautious approach of holding a hearing to permit the parties to fully develop the record" for this important issue of first impression. *Id.* at 30. However, in retrospect, that approach was too cautious given the sparse record submitted on summary judgment with respect to the Ninth and Tenth Claims. A genuine issue of material fact is required to preclude summary judgment and to necessitate an evidentiary hearing. "[T]he party with the burden of proof must lose if it has failed to present enough facts to sustain its case." *Yavapai–Prescott Indian Tribe v. Scott,* 117 F.3d 1107 (9th Cir.1997).

By filing a cross-motion for summary judgment, defendants apparently viewed the record as sufficient to resolve the Ninth and Tenth Claims. Although defendants were no doubt surprised and disheartened that this court adopted a *de novo* standard of review, they offered no evidence on the sole factual issue presented by the Ninth and Tenth Claims, namely whether the Secretary had any unobligated and unrestricted funds available in FY 1996 with which to pay plaintiff's CSC claims without reducing any ongoing programs. Defendants never asserted that they had no such unrestricted funds available. In contrast, plaintiff submitted evidence that the Secretary had satisfied other tribal contractors' initial CSC funding needs out of the IHS lump sum appropriation on several prior occasions. In addition, as plaintiff now emphasizes. it is undisputed that Congress increased the FY 1996 HIS lump sum appropriation by $35,781,000 in

new non-earmarked funds over and above the comparable FY 1995 appropriation. Tapping into this increased funding to pay plaintiff's CSC entitlement of roughly $276,000 would not have required the Secretary to take funds from ongoing programs or services.

Defendants oppose entry of summary judgment on the theory that the Secretary could not pay CSC to plaintiff without adversely impacting other tribes. As noted by plaintiff, defendants made this argument in their briefs on summary judgment, but, for whatever reason, never submitted any factual proof in support. Now defendants' opposition seems to suggest that the issue for trial could not have been anticipated on summary judgment because the court articulated a new standard, namely whether current appropriations for FY 1998 are available to pay plaintiff's FY 1996 CSC claims. Specifically, defendants point to a new statutory cap on CSC appropriations for FY 1998 must be taken into account in any remedial order.

Defendants apparently misinterpret this court's prior opinion. Any limits in the FY 1998 appropriation do not retroactively apply to eliminate plaintiff's FY 1996 CSC claims. The only issue is whether appropriations were available in FY 1996 to pay plaintiff's claims in FY 1996, not whether funds are currently available. Although this court cannot order an agency to spend money that Congress has not appropriated, it can award damages. Thus, if funds were available in FY 1996 and cannot now be reached, then plaintiff is entitled to an equivalent award in money damages. *See Appeals of the Alamo Navajo Sch. Bd., Inc. and Miccosukee Corp.,* IBCA Nos. 3463–3466, 3560–3562, 1997 WL 759441 (Dec. 4, 1997).[1] While the change in the FY 1998 appropriation language might be relevant to defendants' liability for CSC claims arising in FY 1998, it has no bearing oil plaintiff's pending claims.

---

1. Defendants advise that the Department of the Interior recently moved for reconsideration of this decision. Nonetheless, that decision fully supports this court's views and even goes one step further to hold that a cap on CSC appropria-

tions does not defeat an entitlement to full funding, despite a shortfall. In this case, the ISD fund was not an "earmark" or cap on the amount of funding available for CSC payments

## CONCLUSION

Thus, upon reconsideration, plaintiff is entitled to summary judgment in its favor with respect to liability on the Ninth and Tenth Claims. Plaintiff is entitled to entry of a judgment in its favor declaring that the defendants' declination to award CSC for FY 1996 violated 25 U.S.C. § 450j–1(a)(2) and (g) and that plaintiff is entitled to a permanent injunction requiring defendants to award the appropriate amount of CSC. However, the appropriate amount of CSC, any monetary damages, prejudgment interest and costs of suit, including attorney fees, remain pending.